[L. A. No. 3377. In Bank.—June 16, 1916.]

## C. S. BROWN et al., Respondents, v. DOMESTIC UTILITIES MANUFACTURING CO. (a Corporation), et al., Appellants.

CONTRACT—RESCISSION—INEXCUSABLE DELAY.—In an action to rescind a contract for the purchase of certain washing-machines and to compel a reconveyance of certain equities in real property given in part consideration for the contract, upon the ground of alleged fraud practiced upon the plaintiffs, where it appears from the pleadings and the evidence that there was an inexcusable delay of twelve months after the discovery of the alleged fraud before attempt was made to rescind, the delay is fatal to plaintiffs' case, in the absence of pleading or proof that the delay was caused by undue influence exercised by defendants over plaintiffs, and that there was no relation of confidence between the parties.

ID.—DISCOVERY OF FRAUD—RESCISSION—PROMPT ACTION REQUIRED.— The failure of plaintiff to act promptly upon discovery of fraud is fatal to an action to enforce rescission.

ID.—DEMAND FOR RESCISSION—RESTORATION OF WORTHLESS PROPERTY UNNECESSARY.—While it is true that where a rescission *in pais*, under section 1691 of the Civil Code, is relied on, the party rescinding need not show that he has restored that which is worthless, yet he must always show that he has complied with the requirement to rescind promptly, and this implies some notice to the other party of such determination to extinguish the contract.

ID.—DISCOVERY OF FRAUD—EXECUTION OF NEW AGREEMENT—WAIVER.— Where parties, after becoming aware of frauds which have been perpetrated upon them in the execution of a contract, suggest, if they do not demand, a rescission, which is met by refusal, and thereafter they enter into a new and modified agreement covering the subject matter of the first contract, the new agreement thus entered into, with knowledge of the impositions practiced, constitutes a waiver of the fraud.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. F. E. Densmore, Judge presiding.

The facts are stated in the opinion of the court.

Davis, Kemp & Post, for Appellants.

Parker & Moote, and Arthur C. Vaughan, for Respondents.

HENSHAW, J.—A hearing before this court in the matter of the above appeal was ordered, after decision by the district court of appeal of the second appellate district, reversing the judgment of the trial court which was in favor of the plaintiffs.

The frauds perpetrated by defendants and appellants upon these plaintiffs, which frauds were established by the evidence and found by the court, were so gross that equity would lend all of its legitimate powers to relieve plaintiffs from the effect of them. It was because the trial court had decreed that such relief should be granted and the court of appeals had determined that in the state of the record it could not be granted, that this court assumed jurisdiction of the case to resolve this question, if equity so permitted, in favor of the injured parties.

The trial court had excused the plaintiffs for their unwarranted delay in beginning their action for rescission under findings to the effect that they were and continued to be under the influence of defendants unduly and improperly exercised upon them. It was shown in the opinion of the court of appeals that these findings could not afford relief to plaintiffs for their laches, because there was no pleading of such undue influence or of a confidential relationship, and there was no evidence upon which this relationship could be founded—nothing further, in short, than that the plaintiffs believed the representations of the defendants. But upon petition to this court it was pointed out that in the month of October, 1910, after discovery of the frauds and the worthless character of the contract into which plaintiffs had been induced to enter, Mrs. Brown sought an interview with defendant Crooker and said to him: "There is nothing about this deal like we expected it to be, and I says, 'Let's give back the papers and quit,' and he says, 'No, we are not in the business to give anything back.'" No mention of this evidence had been made in the opinion of the court of appeals. This court, for the reasons above indicated, thought it worth while to consider the question with a view to determining whether this evidence could be construed, under all of the circumstances, as a sufficient offer of rescission and a refusal by defendants to rescind, and whether, if this position could be sustained, it could properly be said that the subsequent

delay in commencing the action to rescind was not unconscionable.

But an examination of the record at once presents an insurmountable difficulty to the following out of this line of thought and reasoning, for it appears that after this interview and refusal by defendant's president to entertain any proposition for rescission, a new composition agreement in writing was entered into between the parties, dated the eleventh day of January, 1911. It need not be set forth at length. It is sufficient to say that in its legal effect it recognizes the validity and existence of the first contract, and provides for certain modifications of its terms. As a necessary consequence there is presented the situation of the parties plaintiff becoming aware of the frauds which had been perpetrated upon them, of having suggested, if not having demanded, a rescission, which was met by refusal, and thereafter having entered into a new and modified agreement covering the subject matter of the first contract. Under familiar principles, this new agreement thus entered into, with knowledge of the impositions practiced upon them, constituted a waiver of the fraud. The only facts which would relieve these plaintiffs from the legal effect of this waiver would be pleadings and proof showing either that they were induced to enter into the second composition agreement by undue influence, fraud, or mistake, or that the terms of the second composition agreement were not lived up to by the defendants, wherefore it might be said that their earlier right to sue in an action based upon the original fraud was restored or revived. No such pleading as this, however, is presented, and, as has been said, the court's finding of undue influence, which might possibly accomplish the same result in favor of plaintiffs, is supported neither by pleading nor evidence.

It follows, therefore, that the district court of appeal was correct in its reasoning and conclusion. Its opinion which follows is adopted and the judgment and order appealed from are reversed:

"Respondents herein, on the twelfth day of July, 1910, entered into a contract with the appellants whereby the purchase of a certain lot of washing-machines was agreed to be made. As part consideration moving from the respondents, equities in certain real estate of the agreed value of three thousand five hundred dollars were conveyed to appellants.

Conditions were made by the contract whereby possession of the washers was not to be delivered except upon certain payments being made by respondents. The venture proved unprofitable to respondents, who, in January, 1912, tendered the contracts back to appellants and demanded that a reconveyance of the equities in the real property be made to them. Judgment was in favor of the plaintiffs. This appeal was then taken from that judgment and from an order denying the motion of defendants for a new trial.

"The complaint is long and multifarious in its statement of alleged false representations which induced the plaintiffs to enter into the contract with defendants, and but few of these present matters which are sufficient to support an action for rescission. The most of them consist of a narrative of alleged promises and representations as to future conditions which the plaintiffs claimed were made to them and by reason of which they were induced to enter into the contract. But there may be gleaned from the complaint statements of a few representations, the matters embraced in, which, if untrue as found by the trial judge, are sufficient to support the judgment. We find, however, one insurmountable obstacle to a judgment here of affirmance of the decision of the trial court. The defense, as set up in the answer, that plaintiffs did not move promptly upon discovery of the facts constituting the alleged fraud to rescind their contract, is fully sustained by the record. From the record it appears by the testimony of the plaintiff C. S. Brown that he discovered the facts constituting the alleged fraud in January, 1911. This action was not brought until March, 1912, and the plaintiffs affirmatively allege that they attempted to rescind the contract by tendering back to the defendants on the eighth day of January, 1912, the documents received from them, and then and there made their demand for a reconveyance of the equities in the real property. From these allegations and the evidence given at the trial it appears that there was an inexcusable delay of twelve months after discovery of the alleged fraud before attempt was made to rescind, which occurred prior to the bringing of this action. The trial judge realized that the delay was inexcusable, unless justified by facts showing the case to be within some of the exceptions mentioned in section 1691 of the Civil Code, and made his finding to the effect that the reason why the rescission was not attempted

sooner was because the plaintiffs were affected by the undue influence of defendants. There are no facts shown which will justify this finding in excuse of the delay. The plaintiffs were adult persons, familiar, as we must assume, with the English language, and able to understand ordinary business transactions. There was no relation of confidence induced or existing between the plaintiffs and defendants, and nothing at all from which the finding of undue influence could reasonably be made. That the failure of the plaintiffs to act promptly upon discovery of the fraud is fatal to an action to enforce rescission is fully established by the cases. (*Burkle* v. *Levy*, 70 Cal. 250, [11 Pac. 643]; *Hammond* v. *Wallace*, 85 Cal. 522, [20 Am. St. Rep. 239, 24 Pac. 837]; *Marten* v. *Paul O. Burns Wine Co.*, 99 Cal. 355, [33 Pac. 1107].) Notwithstanding the fact that the trial judge by his findings determined that the contract received by respondents was of no value, respondents were not thereby excused from making their demand seasonably which would give notice to appellants that they had decided to rescind. In the case of *McGue* v. *Rommel*, 148 Cal. 547, [83 Pac. 1000], it is said: 'While it is true that, where a rescission *in pais* under section 1691 is relied on, the party rescinding need not show that he has restored that which is worthless, yet he must always show that he has complied with the requirement to rescind promptly, and this implies some notice to the other party of such determination to extinguish the contract' (citing cases).

"The judgment and order are reversed.

"We concur:                                    "James, J.

"Conrey, P. J.,
"Shaw, J."

Shaw, J., Melvin, J., Sloss, J., Lawlor, J., and Angellotti, C. J., concurred.