[L. A. No. 3980.   Department One.—June 8, 1917.]

## C. B. CONLIN, Respondent, v. STUDEBAKER BROTHERS COMPANY OF CALIFORNIA (a Corporation), et al., Appellants.

RESCISSION — FORM OF DECREE — RETURN OF CONSIDERATION TO DEFENDANT.—In decreeing the rescission of a contract of sale, the judgment by its terms should place the parties *in statu quo* and require the plaintiff, as a condition to the relief awarded him, to restore to the defendant everything of value which he has received under the contract. The fact that the plaintiff, in his complaint and at the trial, asserted his willingness to make such return is insufficient.

Id.—Return of Consideration Paid to Different Parties.—Upon a rescission of a contract of sale, at the instance of the purchaser, as against two defendants each of whom had received a part of the purchase price for his interest in the thing sold, neither defendant should be required to return anything more than that which was obtained by him.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order refusing a new trial. Gavin W. Craig, Judge.

The facts are stated in the opinion of the court.

George C. Mansfield, and Horace S. Wilson, for Appellants.

Charles S. McKelvey, for Respondent.

SLOSS, J.—Plaintiff alleged in his complaint that the defendants had sold him an electric automobile, for which he had paid one thousand seven hundred dollars as follows: Three hundred dollars in cash and a note for three hundred dollars to the defendant, Studebaker Brothers Company of California, and 204 shares of stock of the Peerless Brick and Artificial Stone Company, of the agreed value of one thousand one hundred dollars, transferred to the defendant Dresbach. It was alleged that the defendants had falsely represented that the automobile was new and in first-class condition; that the plaintiff, upon learning that the machine was, in fact, old and in poor condition, had notified the defendants that he rescinded his contract, and demanded the return of the consideration paid by him, offering to return the automobile. The demand and offer being refused, he brought this action. The defendants answered, denying many of the allegations of the complaint, and filed a cross-complaint alleging that the automobile had been put in the hands of the plaintiff under a contract of conditional sale, under which title was to remain in the Studebaker Brothers Company until the note for three hundred dollars was paid. The plaintiff having refused payment of said note, the cross-complainants demanded judgment for the recovery of the automobile, or its value, fixed at one thousand seven hundred dollars.

The court found in favor of plaintiff's allegations regarding fraud and rescission. It found that the title was not to re-

main in the Studebaker Brothers Company until the note was paid, and that said company was not the owner of the automobile, or entitled to the possession thereof, "except on the rescission of the contract with plaintiff." An amendment to plaintiff's complaint, filed after the findings were made, alleges that the 204 shares of stock transferred to the defendant Dresbach had become valueless through no fault of the plaintiff. There is no finding on this allegation. The judgment was that plaintiff's promissory note for three hundred dollars be returned to him, and that he have judgment against both defendants for the three hundred dollars paid by him and for one thousand one hundred dollars, the agreed value of the 204 shares of stock. The defendants appeal from the judgment and from an order denying their motion for a new trial.

The judgment is open to objection on several grounds. The facts of the transaction were these: Dresbach had bought the automobile from Studebaker Brothers Company, and still owed six hundred dollars on the purchase price. He then made a sale to the plaintiff, the agreement being that the plaintiff was to pay him one thousand one hundred dollars, and was to pay the Studebaker Brothers Company the six hundred dollars still owing to them. Accordingly, the 204 shares of stock agreed to be worth one thousand one hundred dollars were transferred to Dresbach, and the Studebaker Brothers Company received three hundred dollars in cash and the plaintiff's note for three hundred dollars. A written agreement of conditional sale was made between Studebaker Brothers Company and the plaintiff. While the complaint alleges, and the court finds, that plaintiff has suffered damage in the sum of one thousand seven hundred dollars, the action and the judgment are both based upon the theory of a rescission, rather than of an action for damages for fraud. By the judgment there is restored to the plaintiff the entire consideration which he had given for the automobile—that is, his note for three hundred dollars, the three hundred dollars paid by him in cash, and the equivalent in money of the 204 shares of stock, which, as alleged in the amendment to the complaint, had become worthless. But there is no provision in the judgment for the return to the defendants, or either of them, of the automobile itself. So far as the judgment goes, the plaintiff gets back the purchase price paid by him for the

automobile and keeps the automobile too. Such a judgment cannot stand. In decreeing the rescission of a contract the court "requires equity at the hands of the complaining party as well as from the defendant, and . . . will place the parties *in statu quo* by requiring the plaintiff to restore to the defendant everything of value which the plaintiff has received under the contract." (18 Ency. Pl. & Pr. 858; *Sanchez* v. *McMahon,* 35 Cal. 218; *Kelley* v. *Owens,* 120 Cal. 502, [47 Pac. 369, 52 Pac. 797].) It is no answer to this objection to say that the plaintiff, in his complaint and at the trial, asserted his willingness to make a return of the purchased property. It appeared from the evidence that it remained in his possession, and the defendants were entitled to some security for its return beyond the mere expression of plaintiff's willingness to restore it. The judgment should have made the return of the consideration conditional upon the placing of the automobile in the possession of the defendants.

Furthermore, the judgment is erroneous in that it makes both defendants liable for the return of the entire consideration, although only a part of it had gone to each of them. Studebaker Brothers Company had received (in addition to plaintiff's note) the three hundred dollars, and Dresbach the shares of stock worth one thousand one hundred dollars. Upon a rescission, which contemplates that the parties are to be placed *in statu quo,* neither defendant should be required to return anything more than that which was obtained by him. If the action had been one for damages for deceit, the two defendants, if jointly connected with the alleged wrong, would both have been liable for the full amount of all damages. But, as we have said, the action was not of that character. The party defrauded may elect to rescind the contract, or to affirm it and claim damages. He cannot do both at the same time. (20 Cyc. 88; *Westerfeld* v. *New York Life Ins. Co.,* 129 Cal. 68, [58 Pac. 92, 61 Pac. 667].) Here he has elected the former remedy.

Of the alleged errors in rulings on evidence, only one is important enough to require notice. The court should have permitted the defendants to introduce the evidence offered by them on the question whether the batteries in the automobile were new. The plaintiff's main ground of complaint was that the machine was equipped with old batteries. The defendants were clearly within their rights in endeavoring to

contradict the testimony which had been offered by the plaintiff on this point.

Other points are made, but the foregoing are sufficient to dispose of the appeal, and to direct the course of proceedings upon the new trial which must be had.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Victor E. Shaw, J., *pro tem.*, concurred.