[Civ. No. 3614. Second Appellate District, Division One.—June 4, 1921.]

## CLARA L. SMITH et al., Appellants, v. GEO. J. BACH et al., Respondents.

[1] VENDOR AND VENDEE—VOID CONTRACT FOR SALE OF LAND—RIGHT TO RECOVER PAYMENTS—STATUTE OF LIMITATIONS.—Where a contract for the sale of land is illegal and void, the vendees receive no consideration for the payments made by them, and they are entitled immediately to sue for and recover the payments made; and in the absence of any equitable consideration relieving them from the effect of the rule, the time within which they might bring an action for the recovery of such payments cannot be postponed by them through delay in their repudiation of the purported contract.

[2] ID.—ACTION TO RECOVER PAYMENTS—JOINT JUDGMENT UNWARRANTED.—In an action by the vendees to recover payments made first to one of the vendors and then to the other, under a void contract for the sale of land, the plaintiffs are not entitled to a joint judgment against both defendants—the action not being upon the contract, but upon the implied obligation arising from that fact that there was no contract.

[3] PLEADING—AMENDMENTS TO ANSWERS—SUFFICIENCY OF APPLICATION—APPEAL—PRESUMPTION.—Where the record on appeal does not contain a record of the proceedings had in the trial court, on the day of the trial, relating to the filing by the defendants of amendments to their answers, it will be presumed that the application for leave to amend was properly made, and for sufficient reasons was allowed.

---

1. Return of consideration on repudiation of void contract, note, Ann. Cas. 1914C, 898.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

F. G. Blood for Appellants.

Sweet, Stearns & Forward and Clifford C. Pease for Respondents.

CONREY, P. J.—This action is one in *assumpsit* for money had and received. The case was once tried and judgment entered in favor of the defendants. On appeal to the supreme court that judgment was reversed (*Smith v. Bach,* 183 Cal. 259, [191 Pac. 14]). By the terms of the present judgment plaintiffs have failed to recover anything against the defendant Bach, and their recovery against the defendant Borgh has been limited to an amount less than their claim. Plaintiffs appeal from this judgment.

As determined on the former appeal, the contract which the parties attempted to make, providing for a sale of land by the defendants to the plaintiffs, was void because made in violation of a law so framed that its effect is to impose that penalty. September 5, 1911, was the date of the contract. This action was commenced on March 4, 1916. Payments were made by the plaintiffs first to the defendant Bach, and thereafter to the defendant Borgh. All of the payments to Bach, and some of those made to Borgh, were made more than two years prior to the commencement of this action. On these facts the trial court determined that as to all payments made more than two years before the commencement of the action, the right of action is barred by the provisions of subdivision 1, section 339, of the Code of Civil Procedure. The judgment against Borgh covers only payments made within said period of two years. We think that the statute of limitations was correctly applied by the lower court to the facts found. [1] The contract being illegal and void, the vendees received no consideration for the payments made by them, and they were entitled immediately to sue for and recover those payments. (*Richter v. Union Land etc. Co.,* 129 Cal. 367, 373, [62 Pac. 39].) Being so entitled and there appearing no equitable consideration relieving them from the effect of the rule, the time

within which they might bring this action could not be postponed by them through delay in their repudiation of the purported contract. (*Thomas* v. *Pacific Beach Co.,* 115 Cal. 136, 142, [46 Pac. 899]; *Vickrey* v. *Maier,* 164 Cal. 384, 389, [129 Pac. 273].) In this the case differs from the instance of a valid contract, performance of which is prevented by fault of the vendor occurring at some time after the payments were made.

[2] Appellants contend that they were entitled to a joint judgment against both defendants. To support their position, they refer to decisions which are to the effect that where two or more make a joint promise, each is liable for the whole debt or liability. Therefore, they say that neither of those parties can be released from the joint liability which he assumed when he signed the contract. This argument implies the erroneous assumption that the action of plaintiffs is upon the contract. But the action is upon an implied obligation arising from the fact that there was no contract. The complaint charges that the defendants received certain sums of money to and for the use of the plaintiffs. The court found that certain sums were paid by plaintiffs to the defendant Bach and certain other sums to the defendant Borgh. These facts did not create a joint liability.

[3] Appellants further insist that the amendments to answers of the defendants, which by order of court were permitted to be filed on the day of the trial, were improperly allowed to be filed; that this is so because "no claim was made or order entered stating that the amendment was in the furtherance of justice; no notice of intention to ask leave of court to file same was given, and no service of copy made upon plaintiff." There is no record of the proceedings relating to the filing of those amendments, except a minute order which recites that the amendments were offered, were objected to by counsel for plaintiffs, and by the court ordered filed. What those objections were is not made to appear. It will be presumed that the application for leave to amend was properly made, and for sufficient reasons was allowed.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 1, 1921.

All the Justices concurred, except Wilbur, J., who was absent.