[Civ. No. 3645.  Second Appellate District, Division One.—September 14, 1921.]

CLARA L. SMITH et al., Plaintiffs and Respondents, v. GEO. J. BACH et al., Defendants and Respondents; JOHN BORGH, Defendant and Appellant.

[1] APPEAL—JUDGMENT—RULING ON DEMURRER IN FORMER ACTION AS A BAR — RECORD — CONTENTION WITHOUT MERIT. — On an appeal from a judgment there is no merit in the appellant's contention that by reason of the action of the court in sustaining a demurrer to plaintiffs' second amended complaint in a former action, an adjudication of the subject of the litigation was had which constituted a bar, where neither the second amended complaint in the former action nor the demurrer thereto is set forth in the record.

[2] MONEY HAD AND RECEIVED — SEVERAL OBLIGATION — LIABILITY. — Where the liability of defendants was not founded on contract upon which they were jointly liable, but upon an implied obligation of each for money had and received without consideration, one of the defendants was not liable for money received by the other.

[3] VENDOR AND VENDEE — PURCHASE OF LOTS — UNRECORDED MAP — KNOWLEDGE OF VENDEES—ABSENCE OF ESTOPPEL.—Where the contract pursuant to which money was paid by plaintiffs was for the purchase of lots referred to as delineated upon an unrecorded map, and hence, as declared by statute (Stats. 1907, p. 390), null and void, plaintiffs are not estopped from maintaining an action to recover the sum so paid by reason of their having had knowledge that the map was unrecorded.

[4] ID. — RECOVERY OF MONEY PAID — RIGHT OF VENDEES. — Where money was paid for lots referred to as delineated on an unrecorded map, no obligation was imposed upon the vendors to convey, and the money paid thereon was therefore without consideration and recoverable by the vendees.

APPEAL from a judgment of the Superior Court of San Diego County. C. N. Andrews, Judge. Affirmed.

The facts are stated in the opinion of the court.

Clifford C. Pease for Defendant and Appellant.

Sweet, Stearns & Forward for Defendant and Respondent.

F. G. Blood for Plaintiffs and Respondents.

SHAW, J.—Action in *assumpsit.* Upon a trial of the case first had, a nonsuit was granted, followed by judgment against plaintiffs, which on appeal therefrom was reversed, to which decision (reported in 183 Cal. 259, [191 Pac. 14]) we refer for a full statement of the facts upon which the action is founded.

Upon a retrial, judgment was rendered in favor of defendant Bach, and for plaintiffs against Borgh, but for a less sum than the amount claimed by plaintiffs. Thereupon plaintiffs, insisting they were entitled to judgment against both defendants for the full sum of their claims, appealed. This judgment was affirmed. (See 53 Cal. App. 63, [199 Pac. 1106].)

[1] Borgh has likewise appealed from the judgment so rendered against him. Based upon the record presented, there is no merit in his contention that, by reason of the action of the court in sustaining a demurrer to plaintiffs' second amended complaint in a former action, an adjudication of the subject of litigation was had which constituted a bar to the bringing of a new suit to recover the amount claimed. Neither the second amended complaint in the former action nor the demurrer thereto is set forth in the record, without which we cannot say the subject of the litigation in the former action is the same as in this, nor that the complaints are identical. No attack is made upon

the sufficiency of the complaint in the present action. Moreover, assuming the action of the court had and taken in the former suit to have been free from error, it may have been based upon defects in the complaint not affecting the merits; hence such ruling could not bar a new suit founded upon a complaint the sufficiency of which is conceded.

[2] As held in plaintiffs' appeal (reported in (Cal. App.), 199 Pac. 1106), the liability of defendants was not founded on contract upon which they were jointly liable, but upon an implied obligation of each for money had and received without consideration. Hence, in the absence of a joint liability, Bach was not liable for the money received by Borgh.

[3] The contract pursuant to which the money was paid by plaintiffs was for the purchase of certain lots referred to as delineated upon an unrecorded map, and hence, as declared by statute (see Stats. 1907, p. 290), it was null and void. Nevertheless, appellant insists that, as plaintiffs must be deemed to have had knowledge that the map was unrecorded prior to making the payments, they are estopped from maintaining an action to recover the sum so paid. In other words, appellant's claim is that parties by their acts may destroy and render nugatory the plain language of this prohibitory provision. The contention is wholly without merit. As said by the supreme court in discussing the question on the former appeal by plaintiffs (*Smith* v. *Bach,* 183 Cal. 259, [191 Pac. 14]): "Where money has been paid in consideration of an executory contract which is illegal, the party who has paid it may repudiate the agreement at any time before it is executed and reclaim the money." And in answer to appellant's claim that, conceding his violation of the statute (which act is declared a misdemeanor and punishable by fine and imprisonment), plaintiffs are *in pari delicto* and hence should not assert claim to the money so paid, the court said: "In such a case it is the duty of the court in furtherance of justice to aid one not *in pari delicto,* though to some extent involved in the illegality, but who, as here, is comparatively the more innocent, and to permit him to recover back money paid on a contract as the circumstances of the case may require."

What is said in the decisions on the former appeals herein cited is determinative of other points made by appellant.

[4]   Since the contract was null and void, it imposed no obligation upon defendants to convey the lots of land to plaintiffs; hence the money paid thereon was without consideration, and their right to recover from each of the defendants the amount paid him, except as barred by the statute of limitations, would seem clear.

The judgment is affirmed.

Conrey, P. J., and James, J., concurred.