[L. A. No. 12188. In Bank.—September 23, 1932.]

J. H. HOHN et al., Respondents, v. E. A. PETERS, Appellant.

Janeway, Beach & Pratt and S. T. Hankey for Appellant.

William W. Bearman and A. Feldman for Respondents.

LANGDON, J.—This is an action to recover money paid under a contract for the purchase of shares of stock, after notice of rescission and tender of consideration received. Defendant Peters, vice-president and agent for stock sales of Lincoln Holding Corporation, went from Los Angeles

to Winslow, Arizona, to sell shares to plaintiffs. Defendant then knew that a permit to issue shares had been secured only in California, and not in Arizona. A subscription agreement was signed at Winslow, for 252 shares at $10 per share, with the privilege on the part of plaintiffs of cancellation of 100 shares. At the time of execution, plaintiffs paid $920 cash and certain bank stock valued at $600, leaving a balance of $1,000. About one month later plaintiffs wrote to defendant at Los Angeles to cancel the remaining 100 shares, and on receipt of this letter the corporation forwarded a certificate for 152 shares. Some time later, plaintiffs discovered that the corporation had no permit for Arizona, and this proceeding was commenced. Judgment was rendered for plaintiffs and defendant appealed.

It is obvious that if the contract was made in Arizona, it was void and plaintiffs were entitled to recover.

Defendant contends that the letter requesting cancellation of the 100 shares, and the reply, constituted a new contract which was made in California, the place of mailing the acceptance. The facts, however, show clearly that the subscription contract was made in Arizona, and that the consideration passed there. The exercise of the option to cancel the shares was not the making of an entirely new subscription contract.

Defendant having knowingly obtained money from plaintiffs under a void contract, he is liable for its return. (Civ. Code, sec. 2343; *Stirnus* v. *Adams*, 50 Cal. App. 730 [195 Pac. 955].)

The judgment is affirmed.

Preston, J., Tyler, J., *pro tem.*, Shenk, J., and Waste, C. J., concurred.