[S. F. No. 15545. In Bank.—May 1, 1937.]

NORRIS K. DAVIS, Appellant, v. RITE–LITE SALES COMPANY (a Corporation) et al., Defendants; HERBERT W. ERSKINE, Respondent.

Harry F. Sullivan for Appellant.

Keyes & Erskine, William A. White and Young, Hudson & Rabinowitz, for Respondent.

SEAWELL, J. — Plaintiff Norris K. Davis brought this action against Rite-Lite Sales Company, a corporation, Herbert W. Erskine and James J. Hughes. After sustaining the general and special demurrer of defendant Herbert W. Erskine to each of the four counts of the second amended com-

plaint without leave to amend, the court below entered judgment for said defendant, from which plaintiff prosecutes this appeal. Said judgment makes no disposition of the case against the other defendants.

In the first count plaintiff alleges that he purchased twenty shares of stock of defendant Rite-Lite Sales Company, for which he paid $2,000. He purchased said stock, he alleges, in reliance on representations of defendant Herbert W. Erskine, which will be set forth hereinafter. As to this count of the complaint plaintiff prays for judgment against all defendants for $2,000 and for cancellation of the certificate issued to him for said twenty shares. By the complaint plaintiff offers to restore the twenty shares.

The allegations of the complaint and the prayer for relief mark the action as one for rescission of the contract of sale of said stock. Although it is not alleged that defendant Erskine was acting as agent for the corporation in the sale to plaintiff, this is to be inferred from the nature of the relief sought. Otherwise no basis whatever would appear for a judgment for $2,000 against said corporation. There is an allegation that the purchase price of the stock was paid to Erskine, but no allegation that he retained it. There are conflicting expressions in the decisions as to whether in an action for rescission based on fraud of an agent in effecting a sale, recovery of the purchase price may be had against such agent who has retained no part of the purchase price, or the sole remedy against him is for damages for fraud and deceit. (*Pollak* v. *Staunton,* 210 Cal. 656, 665 [293 Pac. 26]; *Conlin* v. *Studebaker Bros. Co.,* 175 Cal. 395 [165 Pac. 1009]; *Smith* v. *Bach,* 53 Cal. App. 63 [199 Pac. 1106]; Id.; 54 Cal. App. 236 [201 Pac. 611]; permitting recovery of purchase price: *Heintzsch* v. *LaFrance,* 3 Cal. (2d) 180 [44 Pac. (2d) 358]; *Hohn* v. *Peters,* 216 Cal. 406 [14 Pac. (2d) 519]; *Stirnus* v. *Adams,* 50 Cal. App. 730, 734 [195 Pac. 955].) It is not necessary to resolve this question in the case herein, for we are of the view that the complaint fails to state a cause of action against defendant Erskine either for rescission or for damages.

An action for damages is based on an affirmance of the contract; an action for rescission on a disaffirmance thereof. (*Hines* v. *Brode,* 168 Cal. 507, 511 [143 Pac. 729]; *Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445]; *Conlin*

v. *Studebaker Bros. Co., supra;* 25 Cal. Jur. 561; 12 Cal. Jur. 787.) The two remedies are mutually inconsistent, although damages may be prayed for in the event rescission cannot be had. (*Bancroft* v. *Woodward, supra.*) The complaint herein attempts to state a cause of action for rescission, rather than for damages. ■ The measure of damages in an action by a defrauded vendee is the difference between the actual value of the property at the time of sale and what it would have been worth if the representations had been true. (*Hines* v. *Brode, supra; Wood* v. *Niemeyer,* 185 Cal. 526 [197 Pac. 795]; 25 Cal. Jur. 563; 12 Cal. Jur. 843.) Plaintiff herein does not allege these facts. He alleges only that the twenty shares of stock are worthless, which must be construed as relating to the date of commencement of the action, more then seven years after the sale. But there are more fundamental defects in the complaint which render it insufficient to state a cause of action either for rescission or damages.

As noted above, the action was commenced more than seven years after the sale to plaintiff, which, he alleges, took place on August 2, 1927. Prior to that time defendant Erskine and others had organized the defendant corporation, Rite-Lite Sales Company, under the laws of this state. The corporation was organized, it is alleged, for the express purpose of handling the exclusive sale of a spotlight or lamp for use on motor cars, to be known as the "Rite-Lite".

■ The scheme as represented to plaintiff by Mr. Erskine on or about August 2, 1927, was that the E. & J. Lamp Company "had and owned under a United States patent, all of the rights for the manufacture and sale" of said lamp in the United States. The E. & J. Lamp Company was to manufacture the lamp. The Rite-Lite Company had acquired or was about to acquire "a fifty (50) per cent interest in said E. & J. Lamp Company", and said Rite-Lite Company would have the exclusive sales agency for said Rite-Lite. Defendant Erskine had acted as plaintiff's attorney, but it is not alleged that he was so acting for him at the time of the transactions herein.

The basis of the plan as represented to plaintiff was that the E. & J. Lamp Company owned a patent for the sale and manufacture of Rite-Lite. In February, 1929, it is alleged, a federal court interlocutory decree was entered in favor of

the Owl Lamp Company restraining and prohibiting the E. & J. Lamp Company and the defendants herein (Rite-Lite Sales Company, Herbert W. Erskine and James J. Hughes) from manufacturing or selling Rite-Lite. By reason thereof the stock sold to plaintiff is alleged to be worthless.

There is no allegation that the representations made by Erskine were false when made. It is not alleged that a patent had not been issued to the inventor of the Rite-Lite, or that the E. & J. Lamp Company did not own all rights under such patent. The charge against Erskine, alleged on information and belief only, is that he knew on August 2, 1927, when the sale to plaintiff was made, that the inventor of the Rite-Lite had previously received a patent for a spotlight for motors known as the Owl Lamp, which was then being manufactured by the Owl Lamp Company, and the inventor of said lamp had worked for the Owl Lamp Company. Yet defendant Erskine, it is alleged, did not before making the representations to plaintiff "thoroughly, or completely, or at all, investigate or compare the patents for said Rite-Lite with the patents for said Owl Lamp to ascertain whether the patent covering the Rite-Lite infringed in any way upon the patents for said Owl Lamp". But nowhere in the complaint is it alleged that the patent covering the Rite-Lite did infringe upon the patent for the Owl Lamp. It is not alleged that the federal court injunction was granted on such ground.

In a subsequent paragraph it is alleged in addition, on information and belief, that defendant Erskine knew that the Rite-Lite had been designed and developed by the inventor of the Owl Lamp at the expense of the Owl Lamp Company, and in its shops, but it is not alleged that Erskine knew this when he made the representations to plaintiff.

The intent of plaintiff in this allegation is to indicate, apparently, that the patent for Rite-Lite, even though it did not infringe on the patent for the Owl Lamp, would nevertheless be the property of the Owl Lamp Company. But it is not alleged that said patent at any time was the property of the Owl Lamp Company, or that it was not the property of the E. & J. Lamp Company. For all that appears in the complaint the Rite-Lite patent rights may have been the property of the E. & J. Lamp Company by arrangement with the inventor thereof and the said Owl Lamp Company at the time

when the representations were made to plaintiff, and the injunction may have been granted for reasons occurring after the sale of the twenty shares to plaintiff. The grounds of the federal court injunction are not set forth, and said injunction is alleged to be an interlocutory decree. It does not appear that the issues in said suit have been finally determined, or that a final decree has been entered enjoining the manufacture of the Rite-Lite by the E. & J. Lamp Company or its sale by said company or by the Rite-Lite Company. All that appears from the complaint is that the stock of the Rite-Lite Company became worthless by virtue of said interlocutory decree. ■ By representing that the E. & J. Lamp Company owned under a patent all the rights for the manufacture and sale of the Rite-Lite, defendant Erskine did not guarantee that patent infringement suits would not be brought against said patent.

■ In an action for fraud and deceit the allegations of fraud must be clear and unequivocal. The above matters, as well as many others, are urged by respondent as grounds for affirming the judgment entered after sustaining his general demurrer and his special demurrer on the grounds of uncertainty, ambiguity and unintelligibility. Said grounds of demurrer are well taken.

■ There are further reasons why the demurrer was properly sustained. The period of limitations in actions for fraud is three years (sec. 338, Code Civ. Proc., subd. 4), that is, three years after discovery of the fraud. But if action is brought more than three years after the commission of the fraud the facts relating to such discovery should be detailed in order that the court may determine whether, with due diligence, the fraud should have been discovered sooner. (*Consolidated etc. Co.* v. *Scarborough,* 216 Cal. 698, 703 [16 Pac. (2d) 268] ; *Kelly* v. *Longan,* 5 Cal. (2d) 274 [53 Pac. (2d) 971].)

In the case herein the acts upon which plaintiff relies as constituting the fraud were committed in August, 1927. The action was not filed until November 1, 1934, over seven years later. In January, 1928, he alleges, he learned of the federal court action by the Owl Lamp Company and of the facts upon which the instant action is based. In paragraph 11 he sets forth certain negotiations with regard to settlement

with Erskine "subsequent to June 1, 1930", and "until March, 1933". Without regard to the insufficiencies and uncertainties which respondent urges as to said paragraph, and assuming the facts therein are sufficient to toll the statute during the pendency of such negotiations, nevertheless after the deduction of the period between June 1, 1930, and March 1, 1933, more than three years remain between January 1, 1928, and November 1, 1934, the date of action filed.

Taking February 4, 1929, the date of the federal decree, as the time for commencement of the running of the statute, and deducting the full period between June 1, 1930, and March 1, 1933, the action would be brought within several days of the lapse of the three-year period. But it is not alleged that the negotiations for settlement commenced on June 1, 1930, but "subsequent to June 1, 1930." In an action for fraud brought more than three years after the perpetration of the acts of fraud alleged, the plaintiff is held to stringent rules of pleading. (*Consolidated, etc. Co.* v. *Scarborough, supra; Kelly* v. *Longan, supra.*)

Furthermore, viewed as an action for rescission, it appears that rescission has not been sought promptly. This is not a case where it is alleged that prior to suit the plaintiff rescinded the contract by giving notice of rescission and offering to restore the certificate of stock. No prior notice or offer is alleged. If this is a case where rescission may be sought by action without prior notice, the filing of suit constituting notice (*Hayt* v. *Bentel,* 164 Cal. 680 [130 Pac. 432]), at least the plaintiff should have brought the action as promptly as he would have been required to give notice to the seller had he rescinded through such notice. The plaintiff cannot wait the full statutory period for bringing an action based on fraud without prior notice of rescission, and then bring an action therefor, in the absence of most unusual circumstances. If he would rescind, either by notice to the seller, or action for rescission, he must act promptly. (*Campbell* v. *Title Guarantee etc. Co.,* 121 Cal. App. 374 [9 Pac. (2d) 264]; *Brown* v. *Domestic Utilities Mfg. Co.,* 172 Cal. 733 [159 Pac. 163]; *Bancroft* v. *Woodward,* 183 Cal. 99 [190 Pac. 445]; 12 Cal. Jur. 796.) Here plaintiff permitted a long period to elapse even after the unsuccessful termination in March, 1933, of the negotiations for settlement. The action is barred.

 In the second count of the compaint plaintiff alleges that he loaned to the Rite-Lite Sales Company the sum of $2,750. The date of this loan is not alleged. Thereafter, it is alleged, on May 14, 1928, said corporation executed its promissory note for said sum, which remains unpaid. As a bonus for this loan plaintiff was to receive forty-five additional shares of stock in defendant corporation. The note, annexed to the complaint, provides for payment from the proceeds of lamps sold by the corporation, at the rate of 33⅓ cents for every lamp sold. Plaintiff prays for judgment against defendants in the sum of $2,750 and for cancellation of the certificate for forty-five additional shares. He incorporates by reference the allegations upon which he relied in count one to establish fraud of defendant Erskine. Defendant Erskine is not liable in a suit on the promissory note, since not he, but the corporation, was the maker thereof. An action to recover from Erskine the amount loaned to the corporation on the theory that it was advanced in reliance on fraudulent representations of Erskine is not stated. The weakness and deficiency of the first count to state a cause of action not barred by the statute of limitations are carried into the second count, which incorporates allegations of the first count, and makes them the basis of the second count.

 In the third and fourth counts plaintiff seeks judgment against defendants, including Erskine, for amounts which he has paid or may be compelled to pay in stockholders' liability actions brought against him by creditors of the Rite-Lite Sales Company. Allegations of the first two counts are incorporated by reference in these last two counts. Since plaintiff has failed to state a valid cause of action against defendant Erskine arising from the sale of twenty shares of stock to plaintiff, or the issue of forty-five additional shares to him, plaintiff cannot hold Erskine liable for such sums as the plaintiff has paid or may be required to pay by virtue of actions brought against him as a stockholder of Rite-Lite Sales Company.

 The complaint to which the demurrer herein was sustained without leave to amend was the second amended complaint. It does not appear that leave to amend further was asked. In this situation it may not be claimed that it was error not to grant further leave to amend. (*Stillwell Hotel*

*Co.* v. *Anderson,* 4 Cal. (2d) 463 [50 Pac. (2d) 441]; *Haddad* v. *McDowell,* 213 Cal. 690 [3 Pac. (2d) 550].)

The judgment is affirmed.

Thompson, J., Shenk, J., Curtis, J., and Langdon, J., concurred.