[Civ. No. 19525.   Second Dist., Div. Three.   July 24, 1953.]

GRACE HUBBARD SIDES, Appellant, v. HOLLIS EDWARD SIDES et al., Respondents.

A. V. Falcone for Appellant.

Roland Maxwell and Paul H. Marston for Respondents.

SHINN, P. J.—Grace Sides brought this action against her divorced husband, Hollis Sides (herein called defendant), and his second wife Jewell. Plaintiff seeks to establish an interest in property alleged to have been concealed from her at the time of her divorce from Hollis and the execution of a property settlement agreement which was approved by the interlocutory decree. Copies of the decree and the agreement were attached to the complaint.

It was alleged that the parties were married September 3, 1930; two children, still minors, were born; plaintiff sued for divorce July 1, 1945; a property settlement agreement was entered into December 31, 1946; an interlocutory decree

was entered in plaintiff's favor February 25, 1947, and the present action was instituted January 2, 1952.

The property settlement agreement listed property of the community and contained a representation by each party that the same described all the property which he or she owned or controlled and it provided "in the event property not described herein is disclosed it is agreed that each party is entitled to an undivided one-half interest therein."

The complaint was in two causes of action. In the first it was alleged on information and belief that at the time of the agreement defendant possessed and had under his control "cash and other properties, according to plaintiff's information and belief, the exact nature, amount and location of which are unknown to plaintiff but known to defendant Sides (except that plaintiff is informed and believes and therefore alleges the same exceeded $25,000 in value), all of which were their community property and in addition to the community property listed in Exhibit 'B,'" and it was alleged that the ownership of such other property was intentionally and fraudulently concealed from plaintiff, who was deceived thereby. It was also alleged that defendant was a physician; he represented that he was in ill health, he would have to limit his work, he had no source of income except about $14,000 a year from his practice, he had no other assets, was in straitened financial circumstances, substantially indebted, would leave the state and not support plaintiff and the children unless a property settlement was agreed upon, and would have to encumber his properties to meet his obligations under the agreement. It was also alleged that upon various occasions after the agreement was made, the dates of which plaintiff could not recall, defendant represented that he was in straitened circumstances, substantially indebted and that all his properties were encumbered.

In the property settlement plaintiff received property of the stated value of some $69,000. The value of defendant's property was not alleged. Under the agreement defendant was to pay plaintiff $400 per month for 18 months after the date of the interlocutory decree for the support of plaintiff and the children and, after that time, $100 per month for each child during minority and, in addition, the children's medical and dental bills.

In the second cause of action plaintiff incorporated all the material allegations of the first cause of action and also

alleged the provision of the agreement quoted above under which she would have a half interest in future disclosed property. The prayer of the complaint was for an accounting by defendant as to any properties, ownership of which had been concealed, and the rents, issues and profits thereof; for an award to plaintiff of the whole thereof, or an interest therein, and appointment of a receiver was requested. Defendant answered, denying all charges of concealment and fraud. After repeated motions to strike portions of the complaint had been granted, and the complaint amended, the court eventually granted defendants' motion for judgment on the pleadings. Plaintiff appeals.

Plaintiff designates her complaint as one "in equity for fraud." In her briefs she treats the first cause of action as one for fraud. This cause of action contains many allegations of fraud in the procurement of the agreement but it seeks neither rescission nor damages. Most of these allegations were stricken, but plaintiff restored them in her latest complaint. We shall pass the question whether, in view of the quoted provision of the agreement, plaintiff's rights were limited to an action on the contract and discuss the first cause of action as an attempt to plead damages for fraud.

■ The general rule is that a complaint for fraud must allege the facts constituting the fraud with particularity, general allegations being insufficient.. (12 Cal.Jur. p. 800.) ■ Although it was alleged on information and belief that defendant had concealed a large amount of property even plaintiff's alleged information left her in the dark as to whether it consisted of cash or other property, and as to its nature, amount and location. It was thus shown affirmatively that plaintiff had no information as to particular acts of fraudulent concealment nor as to facts as distinguished from mere suspicions. If she had no information as to what was concealed, or how much was concealed, her ignorance could not excuse her failure to allege facts sufficient to state a cause of action for fraud. It is apparent that her action is a mere fishing expedition. If, upon trial, she should prove the facts alleged in her complaint she would not have made out a case for relief. She would merely have shown that she suspected defendant had not disclosed all of his properties, and she would be in the position of demanding that defendant prove he had not been guilty of fraud.

For an additional reason the first cause of action is defective. While it was alleged on information and belief that defendant fraudulently represented that he had disclosed ownership of all the community and his separate property, no facts were alleged which would justify plaintiff's failure for some five years to make an investigation as to the truth of the alleged representations.

In order to avoid the bar of the statute of limitations upon a claim based upon acts committed more than three years before the commencement of the action it is incumbent upon a plaintiff to allege facts which would excuse the failure to discover the acts constituting the fraud within three years after their commission; and where it is alleged that discovery was made later the circumstances under which it was made must be alleged and, of course, the facts discovered must be alleged. The purpose of this requirement is to enable the court to determine whether, with due diligence, the fraud should have been discovered sooner. And in an action for fraud brought more than three years after the perpetration of the acts of alleged fraud the plaintiff is held to stringent rules of pleading. (*Davis v. Rite-Lite Sales Co.*, 8 Cal.2d 675 [67 P.2d 1039].)

In order to escape the bar of the statute of limitations the complaint attempts to plead discovery of fraud as follows: "That on or about September 17, 1951, plaintiff conferred with her present attorney of record in this action for the first time regarding proceedings to obtain an increase in the amount of support and maintenance for the said children; that pursuant to her said attorney's suggestions and requests, among other things, plaintiff learned for the first time, on or about November 15, 1951, that none of defendant Sides' said properties were encumbered." It was not alleged that plaintiff had theretofore made any effort to discover the truth or falsity of defendant's alleged representations at the time of the agreement nor that she had discovered any fact except the single one that defendants' properties were not encumbered on November 15, 1951.

It was alleged that defendant at various times made valuable improvements upon his properties, that he claimed they had been encumbered in order to make the improvements and that plaintiff believed and was deceived by these statements. On information and belief it was alleged that defendant had used concealed assets to make the improvements, but it was also alleged that plaintiff was not certain "of the nature, location

and value of the concealed community property and the rents, issues and profits therefrom held by the respective defendants.'' It was not alleged that the statements were made in order to dissuade plaintiff from making an investigation as to the truth of the original representations nor that plaintiff desisted from making an investigation because of the later statements. It is not necessary to dwell upon the insufficiency of the first cause of action to allege discovery within three years prior to the bringing of the action, since plaintiff did not allege discovery of any of the alleged facts which she claims had been concealed from her.

In her second cause of action plaintiff pleaded all but one of the paragraphs of the first cause of action, which confused two theories of recovery, and was, to say the least, poor pleading. She then added the paragraph of the agreement which would give her a one-half interest in any future disclosed property.

Plaintiff assumes that in an action on the contract the statute of limitations would not commence to run until the discovery of property, ownership of which had been concealed. She recognizes, however, that she could not sit idly by and avoid the bar of the statute by sleeping on her rights. Therefore, as an excuse for her failure to make an earlier investigation and discovery, plaintiff made an attempt to allege that defendant fraudulently concealed ownership of property which he had failed to disclose at the time of the agreement.

The rule as to the application of the statute of limitations in nonfraud cases was stated in *Sears* v. *Rule*, 27 Cal.2d 131, 147 [163 P.2d 443] as follows: ''When the right of action is not based upon fraud, the exception provided in subdivision 4 of section 338 is not available to the plaintiff. Nevertheless, if the defendant, after committing the wrongful act, has fraudulently concealed the facts from the plaintiff, who by reason of such concealment did not discover that he had a right of action until too late to sue, the defendant will be estopped from taking advantage of his own wrong by asserting the Statute of Limitations. (*Pashley* v. *Pacific Elec. Ry. Co.*, 25 Cal.2d 226, 231 [153 P.2d 325].) In such a case, in determining when the plaintiff discovered, or should have discovered, the facts giving rise to his cause of action, the same rules govern that are applicable in cases falling within subdivision 4 of section 338 of the Code of Civil Procedure. (*Kimball* v. *Pacific Gas & Elec. Co.*, 220 Cal. 203, 215 [30 P.2d 39].)''

The properties defendant improved were those he took under the agreement. Plaintiff at all times had the means of knowledge whether they were encumbered. The fact that they were not encumbered when she made inquiry, some five years after the agreement was made, has only aroused a suspicion in her mind that defendant may have concealed some of his assets. As previously stated it was not alleged that after the agreement was made defendant concealed any facts as to his ownership of property or that plaintiff was dissuaded from making an investigation by any statements of defendant. The action is merely one by which plaintiff seeks to discover whether she has been defrauded. Her complaint failed to state a cause of action and judgment on the pleadings was properly granted.

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.

A petition for a rehearing was denied August 19, 1953, and appellant's petition for a hearing by the Supreme Court was denied September 17, 1953.