Filed 6/17/14  Spicuzza v. U.S. National Bank CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| JEANNE MARIE SPICUZZA,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>U.S. BANK, NATIONAL ASSOCIATION et al.,<br><br>    Defendants and Respondents. | B248620<br><br>(Los Angeles County Super. Ct. No. BC480711) |


APPEAL from a judgment of the Superior Court of Los Angeles County, Daniel J. Buckley, Judge.  Affirmed.

Law Office of Dennis Moore and Dennis Moore for Plaintiff and Appellant.

Wright, Finlay & Zak, Gwen H. Ribar, Marvin B. Adviento, Jonathan Fink for Defendant and Respondent U.S. Bank, National Association.

McCarthy & Holthus, Melissa Robbins Coutts, Charles E. Bell, Jr. for Defendant and Respondent Quality Loan Service Corporation.

_____

Plaintiff and appellant Jeanne Marie Spicuzza appeals from a judgment of dismissal following an order sustaining a demurrer in favor of defendants and respondents Quality Loan Service Corporation (Quality) and U.S. Bank, National Association, as trustee on behalf of the holders of The Terwin Mortgage Trust 2006-5 Asset-backed Certificates, TMTS Series 2006-5 (Trust) in this action arising from a nonjudicial foreclosure. Spicuzza contends the complaint states a cause of action for wrongful foreclosure and related claims based on allegations that defendants had no authority to institute foreclosure proceedings. We conclude the complaint fails to allege a specific factual basis for the claim that defendants were not authorized to foreclose on the property. In addition, Spicuzza has failed to demonstrate any prejudice. We deny leave to amend, because the proposed additional factual allegations are insufficient to state a cause of action for wrongful foreclosure. Therefore, we affirm.

## FACTS

On October 7, 2005, Spicuzza obtained a loan from Mortgageit, Inc. to purchase a condominium in Los Angeles. The deed of trust securing the loan listed the lender as Mortgageit, the trustee as Investors Title, and the beneficiary as Mortgage Electronic Registration Systems, Inc. (MERS).

In January 2009, Quality recorded a notice of default on the property initiating a nonjudicial foreclosure on behalf of the beneficiary of the deed of trust. In February 2009, Quality filed a substitution of trustee stating the current beneficiary under the deed of trust is the Trust and substituting Quality as trustee. Christina Allen signed on behalf of the Trust as a duly appointed officer. The Trust has not filed any records with the United States Securities and Exchange Commission (SEC) and does not have a "pooling and servicing" agreement.

On February 27, 2009, Select Portfolio Servicing, Inc., which has some affiliation with Quality, recorded a corporate assignment of the deed of trust. The assignment stated

2

MERS, as nominee for Morgageit, assigned the beneficial interest in the deed of trust to U.S. Bank, as trustee for the Trust. The assignment was signed by Bill Koch as assistant secretary for MERS.

In July 2009, a nonjudicial foreclosure sale took place. The Trust purchased the property as the foreclosing beneficiary.

## PROCEDURAL HISTORY

Spicuzza filed her initial complaint against Quality and the Trust on March 12, 2012. Quality filed a declaration with the court under Civil Code section 29241, agreeing to be bound by any non-monetary judgment. On June 28, 2012, Spicuzza filed an amended complaint to void and cancel instruments, set aside the foreclosure sale, for violation of Business and Professions Code section 17200, et seq., declaratory relief and quiet title. Spicuzza alleged the following upon information and belief. Allen was not employed by the Trust or an agent of the Trust. Allen did not have authority to sign documents and substitute trustees, or her authority is not in writing, and therefore the substitution of trustee was void. Koch is not employed by MERS and is not an agent of MERS or Mortgageit. He does not have authority to convey any interest in the note and deed of trust on behalf of MERS or Mortgageit, or his authority is not in writing, and therefore, the assignment is void. The note was never conveyed to the Trust and the Trust never acquired the rights of MERS or Mortgageit. Spicuzza sought to have the assignment declared void and cancelled, as well as the deed after the sale.

U.S. Bank filed a demurrer on the grounds that Spicuzza lacked standing and the causes of action were insufficiently pled. U.S. Bank requested the court take judicial notice of several documents as well. Spicuzza opposed the demurrer on the grounds that she was not required to tender amounts due under the note when the foreclosure was void, taking judicial notice of documents could not establish that the Trust was the beneficiary, and she has standing. U.S. Bank filed a reply.

3

After a hearing on October 17, 2012, the trial court found Spicuzza had no standing to contest the securitization of her loan and granted the demurrer without leave to amend. The court entered its order granting the demurrer on December 31, 2012. Although the demurrer was filed by the Trust, the court entered a judgment of dismissal of the entire action on March 13, 2013. Spicuzza filed a timely notice of appeal from the judgment.

## DISCUSSION

### Standard of Review

"A demurrer tests the legal sufficiency of the factual allegations in a complaint. We independently review the sustaining of a demurrer and determine de novo whether the complaint alleges facts sufficient to state a cause of action or discloses a complete defense. [Citation.] We assume the truth of the properly pleaded factual allegations, facts that reasonably can be inferred from those expressly pleaded and matters of which judicial notice has been taken. [Citation.] We construe the pleading in a reasonable manner and read the allegations in context. [Citation.] We must affirm the judgment if the sustaining of a general demurrer was proper on any of the grounds stated in the demurrer, regardless of the trial court's stated reasons. [Citation.]" (*Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 81 (*Siliga*).)

"It is an abuse of discretion to sustain a demurrer without leave to amend if there is a reasonable probability that the defect can be cured by amendment. [Citation.] The burden is on the plaintiff to demonstrate how the complaint can be amended to state a valid cause of action. [Citation.] The plaintiff can make that showing for the first time on appeal. [Citation.]" (*Siliga*, *supra*, 219 Cal.App.4th at p. 81.)

4

**Wrongful Foreclosure**

Spicuzza contends she stated a cause of action for wrongful foreclosure based on allegations that the defendants initiated foreclosure without any authority. However, we conclude the complaint fails to allege a specific factual basis for Spicuzza's claim that defendants had no interest in the note and were not authorized to foreclose.

"California's nonjudicial foreclosure scheme is set forth in Civil Code sections 2924 through 2924k, which 'provide a comprehensive framework for the regulation of a nonjudicial foreclosure sale pursuant to a power of sale contained in a deed of trust.' [Citation.] 'These provisions cover every aspect of exercise of the power of sale contained in a deed of trust.' [Citation.] 'The purposes of this comprehensive scheme are threefold: (1) to provide the creditor/beneficiary with a quick, inexpensive and efficient remedy against a defaulting debtor/trustor; (2) to protect the debtor/trustor from wrongful loss of the property; and (3) to ensure that a properly conducted sale is final between the parties and conclusive as to a bona fide purchaser.' [Citation.] 'Because of the exhaustive nature of this scheme, California appellate courts have refused to read any additional requirements into the non-judicial foreclosure statute.' [Citations.]" (*Gomes v. Countrywide Home Loans, Inc.* (2011) 192 Cal.App.4th 1149, 1154 (*Gomes*).)

"California courts have refused to allow trustors to delay the nonjudicial foreclosure process by pursuing preemptive judicial actions challenging the authority of a foreclosing 'beneficiary' or beneficiary's 'agent.' (*Jenkins v. JP Morgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497, 511 (*Jenkins*); *Gomes, supra,* 192 Cal.App.4th at pp. 1154-1156 & fn. 5.) . . . A preemptive suit does not seek a remedy for specified misconduct in the nonjudicial foreclosure process, which may provide a basis for a valid cause of action. Instead, a preemptive suit seeks to create an additional requirement for the foreclosing party, apart from the comprehensive statutory requirements, by requiring the foreclosing party to demonstrate in court that it is authorized to initiate a foreclosure. [Citation.] '[A]llowing a trustor-debtor to pursue such an action, absent a "*specific*

*factual basis* for alleging that the foreclosure was not initiated by the correct party" would unnecessarily "interject the courts into [the] comprehensive nonjudicial scheme" created by the Legislature, and "would be inconsistent with the policy behind nonjudicial foreclosure of providing a quick, inexpensive and efficient remedy. [Citation.]"' [Citation.]" (*Siliga*, *supra*, 219 Cal.App.4th at pp. 82-83.)

Spicuzza's allegations that there is no agreement conveying an interest in the note to the trust are insufficient to support a cause of action for wrongful foreclosure. Spicuzza alleges the note was not signed or delivered to the trust, but she has not shown these are prerequisites for a valid assignment. She argues the lack of records filed with the SEC creates an inference that the trust does not exist. However, Spicuzza has not shown the Trust must file documents with the SEC in order to exist. Spicuzza argues assignment of the note to the Trust likely violated provisions of the Trust's pooling and servicing agreement, but there is no allegation that such an agreement exists. Spicuzza's assumptions about a hypothetical agreement are not a sufficient factual basis to maintain an action. Lastly, Spicuzza argues Bill Koch and Christina Allen signed documents without authority to act on behalf of the companies that they purported to represent. However, Spicuzza admits there is no specific factual basis to support the allegations that Koch and Allen did not have authority to sign the documents. Plaintiff's claim that no written authorization exists to assign the note and deed of trust "is merely a challenge to the foreclosing party to prove in court its authority to initiate a foreclosure," which is invalid and subject to demurrer. (*Siliga*, *supra*, 219 Cal.App.4th at pp. 84-85.)

**Leave to Amend**

Spicuzza requests leave to amend to allege information posted on the internet that Koch and Allen signed similar documents on behalf of different companies in different official capacities. However, these additional allegations do not lead to the conclusion that Koch and Allen had no authority to sign documents on behalf of the companies in

6

this case. We decline to grant leave to amend, because the additional information does not provide a specific factual basis from which to conclude Koch or Allen did not have authority to sign documents in this case.

Spicuzza also requests leave to amend to provide additional allegations about the trust's failure to comply with a pooling and servicing agreement or obtain other documents. However, assumptions about the provisions of a pooling and servicing agreement or the existence of other documents do not provide a sufficient factual basis to maintain a cause of action.

## Lack of Prejudice

In addition to the above, Spicuzza failed to allege any facts showing that she suffered prejudice as a result of any lack of authority of the parties participating in the foreclosure process. She does not dispute that she defaulted under the note. The assignment of the deed of trust and the note did not change Spicuzza's obligations under the note, and there is no reason to believe the original lender would have refrained from foreclosure in these circumstances. Absent prejudice, Spicuzza has no standing to complain about any alleged lack of authority or defect in the assignment. (*Siliga*, *supra*, 219 Cal.App.4th at p. 85.)

Spicuzza's reliance on *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, is misplaced. Most California federal district court cases have criticized *Glaski* or declined to follow it, instead holding that borrowers have no standing to challenge the assignment of a loan if they were not parties to the agreement or third party beneficiaries. (*In re Sandri* (Bankr. N.D.Cal. 2013) 501 B.R. 369, 374-375.) California appellate courts have also rejected similar claims. (*Id.* at p. 375, citing *Siliga*, *supra*, 219 Cal.App.4th 75, *Jenkins,supra,* (2013) 216 Cal.App.4th 497, and *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 272.) We note in *Glaski*, the plaintiff borrower alleged prejudice. He was discussing a loan modification with the bank holding his note and

deed of trust when another entity foreclosed on the property. No prejudice has been alleged in the instant case.

## DISPOSITION

The judgment is affirmed. Respondents Quality Loan Service Corporation and U.S. Bank, National Association, as trustee on behalf of the holders of The Terwin Mortgage Trust 2006-5 Asset-backed Certificates, TMTS Series 2006-5, are awarded their costs on appeal.

KRIEGLER, J.

I concur:

MINK. J. [*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

8

MOSK, Acting P.J., Concurring

I concur.

Plaintiff's statements in her brief and at oral argument were that her allegations are based on "suspicions."  Suspicions are not adequate to support information and belief allegations.  (*Board of Dental Examiners v. Superior Court* (1976) 55 Cal.App.3d 811, 814; *Sides v. Sides* (1953) 119 Cal.App.2d 349, 352; see also *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82.)

Although there is conflicting authority, had plaintiff been able to allege sufficiently that the foreclosing party did not own the promissory note or security interest and did not represent the party that did, there could be a cause of action for wrongful foreclosure.  (See *Glaski v. Bank of America* (2013) 218 Cal.App.4th 1079, 1088, 1097; *Herrera v. Deutsche Bank National Trust Co.* (2011) 196 Cal.App.4th 1366, 1378-1379; *Barrionuevo v. Chase Bank, N.A.* (N.D. Cal. 2012) 885 F.Supp.2d 964, 970-972; *Ohlendorf v. American Home Mortgage Servicing* (E.D. Cal. 2010) 279 F.R.D. 575, 583.) If the foreclosure sale was void, rather than voidable, plaintiff should not have to make a tender of full repayment of the debt.  (See *Glaski v. Bank of America, supra,* 218 Cal.App.4th at p. 1100.)

MOSK, Acting P.J.