[Civ. No. 10398.   Second Appellate District, Division One.—May 14, 1936.]

ROSA MARTINEZ, Respondent, v. LETHA HUDSON, Appellant.

John R. Barta for Appellant.

Stoner & Gardner for Respondent.

ROTH, J., *pro tem.*—Plaintiff and respondent is the surviving wife of Willie Martinez, deceased, who on April 20, 1933, as an employee of the city of Los Angeles, and a member of the Los Angeles City Employees Association, had issued to him a group life policy in the amount of $2,500.

The beneficiary named in the policy was Le*a*tha Hudson Martinez, defendant and appellant herein, described as the wife of the insured; her actual name was Le*t*ha Hudson. The insured and Letha Hudson had been living together as husband and wife, although respondent, the actual wife of the insured, was alive and known to be living by both appellant and insured. The marriage of respondent and the insured had never been annulled or terminated. The insured had in fact contributed sporadically some small amounts to respondent's support during all the time he lived with appellant. The evidence shows without contradiction that respondent and insured were married in 1910, lived together until 1926, on which latter date insured left to assume his meretricious relationship with appellant. All premiums for the policy were deducted from the insured's salary, and it is conceded that his salary was community property. Appellant testified, however, that insured took out the policy for her benefit in consideration for board and lodging, and in return for her promise to assume funeral and last illness expenses, which the evidence shows she paid; further, that the insured demanded, and, pursuant to such demand, she reimbursed him monthly for the premiums on the policy, which were deducted from his salary. It was also developed that insured, during the time he lived with appellant, helped out with the rent. The insured died in 1934 and on March 22d of that year the insurance company, pursuant to the terms of the policy (said company never having notice of the actual wife), paid to appellant the face amount thereof, to wit, $2,500. Respondent instituted this action against appellant to recover one-half of the said sum with interest and recovered judgment. The appeal is from the judgment, and from the order denying motion for new trial.

The trial court found from the facts which have been outlined in substance, "that . . . the premiums . . . were all paid out of community assets"; and that the payments made by appellant during the last illness and for funeral expenses "were voluntary payments"; that any consideration to insured for naming appellant as his wife and beneficiary of the policy "was immoral and against public policy, and that the proceeds of said insurance policy were community property, and . . . plaintiff is entitled to one-half of the proceeds of said policy . . . with interest . . . ''

It is settled that when there is an appreciable conflict in the evidence, the findings of the trial court will not be disturbed. It is also established that a spouse cannot give away more than his one-half of the community property by will, insurance or otherwise. · (*New York Life Ins. Co.* v. *Bank of Italy*, 60 Cal. App. 602 [214 Pac. 61]; *Modern Woodmen of America* v. *Gray*, 113 Cal. App. 729 [299 Pac. 754]; *Blethen* v. *Pacific Mutual Life Ins. Co.*, 198 Cal. 91 [243 Pac. 431]; *Travelers Ins. Co.* v. *Fancher*, 219 Cal. 351 [26 Pac. (2d) 482]; 3 Cal. Jur. Supp. 509.)

The appeal from the order denying motion for new trial is dismissed, since no appeal lies from such an order. The judgment is affirmed.

Houser, P. J., and Doran, J., concurred.