[Civ. No. 12953.   Second Dist., Div. Three.   Apr. 30, 1942.]

C. L. BURNETT, Respondent, v. HOOVER BALL AND BEARING COMPANY (a Corporation), Appellant.

Goodspeed, McGuire, Harris & Pfaff for Appellant.

James B. Salem for Respondent.

WOOD (Parker), J.—Plaintiff's two alleged causes of action were in substance as follows: First, that plaintiff was a distributor of defendant's products under a written agreement, and defendant terminated the relationship without giving plaintiff sixty days' notice as required by the agreement, to plaintiff's damage in the sum of $600 for loss of profits; and that defendant removed all of its consigned products from plaintiff's place of business and thereby damaged plaintiff in the sum of $3,500, the reasonable value of his business. Second, that defendant did not give plaintiff credit for a part of the products repossessed by defendant, to plaintiff's damage in the sum of $116.40. The prayer was for $4,216.40.

Defendant's motion to strike out plaintiff's allegations relative to the $3,500 for loss of the business was granted. Defendant denied the other allegations, and alleged a counterclaim of $305.98 for merchandise sold.

After the order was made striking out the $3,500 item, plaintiff filed an amendment to the complaint claiming $195.83 as commissions, and amended the prayer by omitting the $3,500 and including the $195.83. As amended the prayer was for $913.23.

Defendant appeals from the judgment in favor of plaintiff for $750.

The order having been made striking out the claim for $3,500, and the prayer having been amended to demand $913.23, the subject matter of the action was then not within the jurisdiction of the superior court. (*Jacobson* v. *Superior Court,* [1936] 5 Cal. (2d) 170, 174 [53 P. (2d) 756].) Since a judgment rendered by a court without jurisdiction of the subject matter is void (*Hahn* v. *Kelly,* [1868] 34 Cal. 391, 402 [94 Am. Dec. 742]; *Capital Bond etc. Co.* v. *Hood,* [1933] 218 Cal. 729, 731 [24 P. (2d) 765]), the judgment should be reversed even though the point is not raised by the parties.

The judgment is reversed and the superior court is directed to transfer the action to a proper court having jurisdiction of the subject matter.

Schauer, P. J., and Shinn, J., concurred.