[Civ. No. 14086.   Second Dist., Div. Three.   Dec. 15, 1943.]

MYRTLE FEAREY, Respondent, v. P. G. GOUGH,
Appellant.

Dudley Robinson for Appellant.

Hickey, Smallberg & Rosensweig, Alfred J. Smallberg and Oliver M. Hickey for Respondent.

BISHOP, J. pro tem.—We have reached the conclusion that the trial court had no jurisdiction in this case, in which

it rendered a judgment that the plaintiff recover from the defendant all that she sought, that is, $1,050.

Plaintiff brought this action to obtain from the defendant one-half of the proceeds of an insurance policy which had been paid to the defendant, named as the beneficiary of the policy, upon the death of the insured, plaintiff's husband. The theory of plaintiff's case was that the proceeds of the policy were community funds; that the naming of the defendant as beneficiary by plaintiff's husband was without consideration and so amounted to a gift of community property, good, in the absence of plaintiff's consent, only to the extent of one-half of the $2,100 involved. Plaintiff's position, then, was that of the $2,100 which the defendant had received, one-half, or $1,050, was hers, and she sought judgment for this amount. She might well have cited *Martinez* v. *Hudson* (1936), 14 Cal.App.2d 42 [57 P.2d 970], in support of her judgment, for it is a case where a judgment against a beneficiary was affirmed in a situation similar in its theory to that here presented.

Plaintiff's cause of action was one on the contract which is implied in law, not in fact, where one has received money which belongs, and so should be paid, to another. Plaintiff labelled her pleading "COMPLAINT FOR MONEY HELD IN TRUST" and in it she referred to "the funds now held in trust by said defendant." But neither the label nor the reference changed the character of the action; it is the familiar one known as an action for money had and received. An action for money had and received, although founded on equitable principles, is an action at law (*Jensen* v. *Harry H. Culver & Co.* (1932), 127 Cal.App.Supp. 783 [15 P.2d 907]; *Philpott* v. *Superior Court* (1934), 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990]) of which the municipal court alone has jurisdiction where the amount sought does not exceed $2,000. (Code Civ. Proc., sec. 89; *Burnett* v. *Hoover Ball & Bearing Co.* (1942), 51 Cal.App.2d 613, 614 [125 P.2d 572]).

The judgment is reversed with directions to the trial court to transfer the action to a municipal court. Inasmuch as the question of jurisdiction was not touched upon in the briefs and the reporter's transcript was not necessary to its presentation, the appellant shall have as his costs on appeal only his filing fee and such expenditures as were necessary to obtain the clerk's transcript.

Desmond, P. J., and Wood (Parker), J., concurred.