[Civ. No. 9848. Third Dist. Dec. 29, 1959.]

ROY E. FORD et al., Petitioners, v. SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent; CARL KUCHMAN et al., Real Parties in Interest.

Lambert & Lemmon for Petitioners.

No appearance for Respondent.

McDonough & Wahrhaftig for Real Parties in Interest.

VAN DYKE, P. J.—This is an original proceeding in prohibition, wherein petitioners ask that the respondent court be restrained from taking any further proceedings in an action pending therein without granting to petitioners a jury trial on the legal issues raised by the complaint, answer and cross-complaint.

The action in respect to which petitioners seek the writ was brought by them against named defendants, hereafter sometimes referred to as real parties. The complaint alleges that petitioners had purchased from real parties all of the capital stock of a certain corporation; that they had been induced thereto by fraudulent misrepresentations concerning the value of the stock as reflected by the assets of the corporation, its business, its prospects, and its good will; that petitioners had paid $30,000 for the stock; that on discovering the fraud they had rescinded the contract, had tendered the return of the stock and had demanded that defendants restore to them the money paid; that petitioners had received nothing except the stock, and that the stock was without value; that in perpetrating the alleged fraud real parties had acted maliciously. By an additional count petitioners alleged that real parties had received from them the sum of $30,000 for the use and benefit of petitioners; that demand had been made for the return of

said sum which was refused and that the entire sum remained unpaid. By the prayer of the complaint, petitioners ask that "the agreement of purchase and sale of stock . . . be declared rescinded"; that defendants restore to petitioners the sum of $30,000, together with interest; that petitioners be awarded punitive damages, costs of suit, and "such other and further relief as to the Court may seem just and equitable." The defendants in said action answered, putting in issue the material allegations of the complaint by denying the fraud, by denying that the contract had been rescinded, by denying all of the particular allegations of fraudulent acts alleged to have been done by them. They asserted affirmatively that petitioners had not acted promptly and, therefore, had not been entitled to rescind when they did act; that this failure to act promptly had injured defendants; that petitioners had themselves breached the agreement by refusing to pay a balance of the purchase price of the stock; that petitioners could not restore everything of value received by them because certain conduct of theirs had greatly depreciated the assets of the corporation, had injured its business, and that petitioners could no longer place real parties in status quo; that some real parties, in reliance upon the sale of the stock had subjected themselves to disadvantageous adjustments in reliance upon and in consideration of the sale, from which position they could no longer extricate themselves, to their damage if rescission were permitted; that petitioners, after obtaining full knowledge of all particulars concerning which they claimed to have been misled, had elected to affirm the contract and to retain the benefits accruing to them therefrom; that petitioners came before the court with unclean hands. Real parties asserted that petitioners, for all these reasons, were not entitled to equitable relief. Real parties denied the allegations of the common count generally. They also cross-complained, alleging that a part of the purchase price was unpaid, for which they asked judgment. They further cross-complained, averring that by reason of petitioners' false representations real parties had been led to believe that a business broker who handled the deal was their sole agent in the transaction when in fact he was the agent of petitioners and unknown to them; that in reliance upon this falsely-induced belief they had paid the broker $5,000 commission. They ask judgment in that sum.

In due time petitioners herein moved to set the cause for trial and filed a memorandum to set. They stated the nature of the case as being "Rescission of Contract of Sale." They

demanded a jury trial. They filed a pretrial statement containing assertions as follows: That the action was for the rescission of an agreement for the sale and purchase of stock in a corporation and for the restoration to plaintiffs of the sum of $30,000 which had been paid for the stock; that the action was based upon allegations of fraud which induced them to enter into the contract of sale which contract they had theretofore "unilaterally rescinded" and that they now sought "judicial acknowledgment of the propriety of their conduct." They asserted that the first cause of action was upon actual fraud; that a second count, averring the same facts, was upon a theory of constructive fraud; and that the common count stated a cause of action for money had and received. They asserted the issues to be tried included a question of fact as to whether fraudulent misrepresentations had been made as alleged, as to whether or not there was a valid defense to "the action for rescission" even though the representations had been false, and as to whether or not real parties, as cross-complainants were entitled to recover the two sums sued for by them.

The pretrial conference order adopted by reference the pretrial statements of the parties as to the nature of the action and the issues involved and recited that a jury trial had been requested by the plaintiffs. A second memorandum to set was filed by petitioners in which, upon the same form, they again stated that the nature of the case was "Rescission of Contract of Sale" and that a jury trial was demanded.

The cause was set for trial October 9, 1959, at 10 o'clock a.m., and on October 8th, preceding, real parties filed objections to trial by jury. A hearing was had the following day upon the right of trial by jury and the respondent court denied petitioners' demand for a jury and set the cause for trial before the court. Thereupon these proceedings were begun. This court issued its alternative writ and stayed the further action in the trial court in the matter until the right to a jury trial could be determined.

 A reading of the complaint discloses that plaintiffs began an action at law, based upon the breach of an implied contract on the part of defendants to restore to them the consideration with which they had parted, the promise arising by virtue of a unilateral rescission. They pleaded that, having been induced by fraud to purchase the defendants' stock, they had elected to rescind the contract by unilateral action and that, having done so, defendants refused to restore to them the

purchase price with which they had parted. The allegations of the complaint make this clear and this construction is supported by the presence in the complaint of the common count for money had and received. That part of the prayer which states that plaintiffs are asking ''That the agreement of purchase and sale of stock referred to in the complaint be declared rescinded'' does not change the nature of the action from one at law on contract to one in equity for a rescission. The request that the agreement be declared rescinded is in harmony with the allegations that plaintiffs had elected to rescind and had in fact rescinded. What they had done, and the conditions under which they had acted to effect rescission were specifically and particularly pleaded. Since real parties had placed these matters in issue, a holding by the trier of fact that rescission had been effected was prerequisite to the recovery of the price paid, but a judgment for the money alleged to be due plaintiffs on the implied contract arising from rescission would satisfy all plaintiffs' demands. Restitution of the price paid would give them all the relief to which their pleading entitled them. We think it clear that as begun by plaintiffs their action was at law and they were entitled as of right upon proper demand to a trial of the issues by a jury.

██ We think the complaint cannot be otherwise construed and declared to be an action in equity merely by reason of the statements plaintiffs made in their memoranda to set and in their statement of issues. Although they stated that the action was one ''For Rescission of a Contract of Sale'' they, at the same time, demanded a trial by jury from the earliest opportunity to the last and plainly stated in their pretrial statement that their action was based upon allegations of fraud which induced them to enter into the contract of purchase of stock, that they ''unilaterally rescinded'' the contract and that they ''now seek judicial acknowledgment of the propriety of their conduct.'' We are satisfied that our construction of the complaint is correct, notwithstanding the somewhat equivocal statements concerning the nature of the cause made by plaintiffs during pretrial procedures.

██ Our conclusion that the action is one at law is not changed by a consideration of the answer and cross-complaint, nor do we think that therein there is tendered any equitable issues which might be tried by the court. First, as to the cross-complaint, it is obvious that the cross-action is at law seeking first a balance of money due and unpaid upon the contract for the sale of stock, and, second, damages for the fraud of plain-

tiffs in having caused real parties to pay a commission to a broker upon the fraudulently-induced belief that the broker was acting solely for them. Turning to the answer, insofar as it merely puts in issue the allegations as to fraud, unilateral rescission and refusal of restitution after rescission, the answer does not invoke equity. Real parties argue that, after admitting and denying specific allegations of the complaint, ''they asserted seven affirmative *equitable* defenses, including laches, unclean hands, and waiver and affirmance;'' that there was no motion to strike or demurrer interposed to these defenses and that, therefore, they are entitled to have these equitable defenses tried without a jury, and that they ought to be tried first. We do not so construe the defensive pleading. In trying the issue as to whether or not, because of the alleged fraud petitioners had a right to rescind, had elected to rescind, and had effected unilateral rescission, one of the issues will necessarily be whether or not, pursuant to applicable code provisions, plaintiffs acted promptly. If it be held that they did, no defense of laches can be interposed as separate and apart from the question of promptitude in rescinding. If held to the contrary, the defense is good at law. ██ Waiver of the right to rescind because of affirmance, such as the acceptance of benefits with knowledge of fraud, is not an equitable defense. All the issues tendered by the answer and called equitable are in reality legal issues, commonly tried at law where unilateral rescission is relied on to support a claim for restitution, or like ''unclean hands'' and ''laches,'' are defenses of equitable cognizance only. ██ The assertion of such defenses in a law action will not change it to an action in equity or warrant separate and prior trial by the court.

██ It is established that the denial of a trial by jury to which the party demanding is entitled as of right gives ground for a proceeding in prohibition. (*Knight* v. *Superior Court*, 95 Cal.App.2d 838, 840 [214 P.2d 21]; *Budde* v. *Superior Court*, 97 Cal.App.2d 615, 622 [218 P.2d 103]; *Mallarino* v. *Superior Court*, 115 Cal.App.2d 781, 785 [252 P.2d 993].)

Let the peremptory writ issue.

Peek, J., and Schottky, J., concurred.