[Civ. No. 7930. Fourth Dist. Jan. 28, 1965.]

CHARLES PAULARENA et al., Petitioners, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY et al., Respondents; BOLLENBACHER & KELTON, INC., et al., Real Parties in Interest.

---

907

908

Smith, Prante & Biggins and Stafford W. Prante for Petitioners.

No appearance for Respondents.

Fredman, Karpinski, Silverberg & Shenas and Charles Elwyn Karpinski for Real Parties in Interest.

COUGHLIN, J.—The petitioners were the purchasers of homes under land sales contracts. In July 1962 they filed a complaint in the respondent court alleging causes of action for damages sustained in connection with such purchases on account of the violation of statutory duties, negligence, breach of warranty, fraud and rescission. In the cause of action based on rescission petitioners alleged that, pursuant to the terms of their contracts, they had conferred benefits upon the defendants in the action and offered ''to restore on their part all consideration heretofore received from defendants, pursuant to sections 1691 through 1693 of the California Civil Code, on condition that defendants restore to plaintiffs the value of the benefits conferred upon defendants by plaintiffs, . . .''[1] In response to these allegations the defendants caused a letter to be written to the plaintiffs in which, among other things, they declared:

''Therefore, we hereby accept your notice and offer of rescission and restoration of the benefits received under the contract, which notice and offer was contained in your complaint, to wit: that you shall restore, on your part, all consideration heretofore received from defendants, pursuant to Sections 1691 through 1693 of the California Civil Code, and we shall, and hereby agree to restore to you the value of the benefits conferred upon us by you . . . .

''It is our intent and understanding that this letter re-. scinds the land purchase contract for the purchase of the home. which is the subject of the lawsuit. Kindly let us know

---

[1] The complaint was filed by 36 sets of plaintiffs. From the record before this court in the instant proceedings it would appear that the amount of benefits allegedly conferred by each set of plaintiffs differed.

when we can meet to effect the mutual restoration of consideration.''

Apparently, restoration was not effected. In due course the defendants filed an answer wherein they also accepted the offer of rescission set forth in the complaint. In June 1964, following a pretrial hearing, the court made a pretrial order declaring, among other things: ''Since the case has been assigned to this department for both pretrial and trial, the Court has heretofore announced, with the agreement of counsel, that the pretrial order will, to a greater degree than is ordinarily so, resolve certain conflicting legal contentions of the parties and limit the issues upon which evidence will be received at the time of trial. While counsel have agreed, pursuant to the pretrial rules, to submit these legal questions to the Court for its determination at the pretrial level, it is not to be inferred that they have agreed the Court's determination of them as contained in this order is correct, and they have not waived right to contend otherwise by all appropriate means.

''With respect to these legal contentions hearings have been held, arguments have been made, and points and authorities with respect thereto have been filed. The determination of these legal contentions and issues as set forth in this order is final, and no modification thereof will be made at the time of trial.

''. . . . . . . . . . .

''With respect to these contentions, the Court has determined that a bona fide contract of rescission has been entered into between each set of plaintiffs and the defendant, whereby both parties agreed to do whatever was necessary, equitable and reasonable to restore the other party to the status quo ante, and further that neither party intended to be bound nor were they bound by the monetary figures set forth in the complaint, defendant's corresponding pleading thereto, or defendant's letter of acceptance dated October 18, 1962. (While the suit has been pending, plaintiffs in most instances have continued to occupy the premises and have continued to make payments upon the contracts. It would thus be neither equitable nor fair to either party to adhere to the original figures set forth in the complaint.)

''The effect of this contract of rescission is to limit the issue to be tried to a determination and offsetting of the value of the respective benefits conferred in each instance. . . . .

''. . . . . . . . . . .

''The issues to be determined at the trial are as follows:

"1. The consideration paid by the plaintiffs in each instance to the defendant.

"2. To what sum, if any, are the plaintiffs in each instance entitled by reason of improvements made by them upon the property.

"3. Whether plaintiffs or any of them suffered any consequential damage and, if so, the amount thereof.

"4. To what offset is the defendant entitled in each instance by reason of the reasonable value of the use of the property, or the value of any benefits conferred upon the plaintiffs by the defendant."

The court ruled that "a determination of the monetary value of the respective benefits conferred is a legal question" and the plaintiffs "are entitled to a jury determination."

When the matter came on for trial in August 1964, in response to a motion by the defendants, the court found that the action was one in equity and ordered that the issues be tried by the court without a jury.

Thereupon, the plaintiffs applied for a writ of prohibition or, in the alternative, for a writ of mandate, to require the trial of the case by jury.

█ A party to a civil case, as a matter of right, is entitled to a jury trial of the issues raised by a cause of action at law (Code Civ. Proc., § 592; *Davis* v. *Security-First Nat. Bank,* 1 Cal.2d 541, 542 [36 P.2d 649]; *Connell* v. *Bowes,* 19 Cal.2d 870, 871 [123 P.2d 456]), but not as to issues raised by a cause of action in equity. (*Mesenburg* v. *Dunn,* 125 Cal. 222, 223 [57 P. 887]; *Bank of America* v. *Greenbach,* 98 Cal.App.2d 220, 227 [219 P.2d 814].) █ Whether a cause of action is in law or equity is determinable from a consideration of the common law as it existed at the time of its adoption by this state, and "in the light of such modifications thereof as have taken place under our own system" (*Philpott* v. *Superior Court,* 1 Cal.2d 512, 516 [36 P.2d 635, 95 A.L.R. 990]; *Lenard* v. *Edmonds,* 151 Cal.App.2d 764, 772 [312 P.2d 308]); depends in large measure upon the mode of relief to be afforded (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 516; *McCall* v. *Superior Court,* 1 Cal.2d 527, 537 [3 P.2d 642, 95 A.L.R. 1019]); is ascertained from the gist of the action as framed by the pleadings and the facts in the case (*Ripling* v. *Superior Court,* 112 Cal.App..2d 399, 402 [247 P.2d 117]; *Grossblatt* v. *Wright,* 108 Cal.App.2d 475, 483-484 [239 P.2d 19]; *Bank of America* v. *Greenbach, supra,* 98 Cal.App.2d 220, 228; *Hutchason* v. *Marks,* 54 Cal.

App.2d 113, 114 [128 P.2d 573]); but is not fixed by the prayer or the title. (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 515; *Ripling* v. *Superior Court, supra,* 112 Cal. App.2d 399, 402; *Lenard* v. *Edmonds, supra,* 151 Cal.App.2d 764, 772; *Hutchason* v. *Marks, supra,* 54 Cal.App.2d 113, 114.)

Where an action at law is adequate, relief in equity is not available (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 515, 517; *DeWitt* v. *Hays,* 2 Cal. 463, 469 [56 Am.Dec. 352]); and a request for equitable relief therein will not convert it to an action in equity. (*Johnstone* v. *Morris,* 210 Cal. 580, 586 [292 P. 970]; *Austin* v. *Wilcoxson,* 149 Cal. 24, 26 [84 P. 417]; *Mortimer* v. *Loynes,* 74 Cal.App.2d 160, 168 [168 P.2d 481]; *Fearey* v. *Gough,* 61 Cal.App.2d 778, 779 [143 P.2d 711].) The fact that equitable principles are applied in the action does not necessarily identify the resultant relief as equitable. (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 523; *McCall* v. *Superior Court, supra,* 1 Cal.2d 527, 537.) Equitable principles are a guide to courts of law as well as of equity. (*Ripling* v. *Superior Court, supra,* 112 Cal.App.2d 399, 402; *Mortimer* v. *Loynes, supra,* 74 Cal.App.2d 160, 168; *Fearey* v. *Gough, supra,* 61 Cal.App. 2d 778, 779.) Furthermore, the incidental adoption of equitable sounding measures to effect the application of equitable principles in an action at law, such as for damages, does not change the character of that action. (*Johnstone* v. *Morris, supra,* 210 Cal. 580, 586; *Lenard* v. *Edmonds, supra,* 151 Cal.App.2d 764, 768-769.)

Prior to 1961, in California, the rescission of a contract could be effected by court decree pursuant to the provisions of sections 3406-3408 of the Civil Code, or by a party to the contract pursuant to the provisions of sections 1689-1691 of that code. (*Philpott* v. *Superior Court, supra,* 1 Cal. 2d 512, 523-524; *McCall* v. *Superior Court, supra,* 1 Cal.2d 527, 536; *McNeese* v. *McNeese,* 190 Cal. 402, 404 [213 P. 36].) An action to obtain a court rescission was in equity. (*McCall* v. *Superior Court, supra,* 1 Cal.2d 527, 536-537; *Bank of America* v. *Greenbach, supra,* 98 Cal.App.2d 220, 227.) On the other hand, an action to obtain relief following rescission by a party, ordinarily, was at law. (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 524; *McCall* v. *Superior Court, supra,* 1 Cal.2d 527, 536-537; *Davis* v. *Security-First Nat. Bank, supra,* 1 Cal.2d 541.) In 1961, following a recommendation by the California Law Revision Commis-

sion, the Legislature repealed sections 3406-3408 (Stats. 1961, ch. 589, p. 1735, § 5); amended sections 1689-1691 (Stats. 1961, ch. 589, pp. 1733-1734, §§ 1 and 2); and added to the Civil Code sections 1692 and 1693. (Stats. 1961, ch. 589, pp. 1734-1735, §§ 3 and 4.) This legislation, in effect, abolished the action to obtain court rescission and left only an action to obtain relief based upon a party effected rescission. (Civ. Code, § 1692.) The current code sections governing an action based upon a rescission do not expressly declare whether it is in law or in equity. The report of the California Law Revision Commission, which was submitted to the Legislature prior to the adoption of the foregoing legislation, stated: "The rescission statutes should make plain that, after rescinding a contract, a party may seek any form of relief warranted under the circumstances, whether legal or equitable. As all such actions will be to *enforce* a rescission, the right of the parties to a jury and the court in which the action must be brought will be determined by the nature of the substantive relief requested and not by the form of the complaint." (California Law Revision Commission Reports, Recommendations and Studies. (1960-1961) (Vol. 3, D-7.)

 The rescission cause of action in the instant case specifically indicates its reliance upon the provisions of sections 1689-1693 of the Civil Code. Obviously it is a cause of action to obtain relief on account of a rescission by the plaintiffs. The bringing of this action, as well as the allegations contained therein, constituted compliance with the requirements that the party rescinding must give notice of rescission and an offer to restore the benefits received under the contract. (Civ. Code, § 1691.) The relief requested, i.e., the gist of the action, is the recovery of damages. The allegations in the complaint clearly indicate that the plaintiffs seek to obtain the value of the benefits they had conferred upon the defendants. The defendants by letter, and by pleading, accepted the rescission. Under the circumstances, the trial court properly concluded that by virtue of the facts and the pleading before it no issue respecting the accomplished rescission was pending. This result left for determination only the issue of the amount of damages, if any, to be awarded the plaintiffs. Thus, the basic relief requested by the plaintiffs through their rescission cause of action and the issues to be determined in connection therewith basically are those obtainable and determinable in an action at law. (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 524; *McCall* v. *Superior Court, supra,* 1 Cal.2d 527, 536-

537; *Ford* v. *Superior Court*, 176 Cal.App.2d 754, 757 [1 Cal. Rptr. 559]; *Lenard* v. *Edmonds, supra,* 151 Cal.App.2d 764, 772.)

The fact that the plaintiffs remain in possession of the homes purchased, that they continue to make payments under their contracts, and that the court must determine the value of the benefits they have received as well as the value of the benefits received by the defendants, does not establish that the issues to be determined convert the action to one in equity. These issues exemplify situations justifying application of the rules heretofore noted that a court of law may apply equitable principles and equitable sounding measures of relief as an ancillary to the granting of a basically legal remedy.

■ A court in an action at law may require a plaintiff to return property received under a rescinded contract as a condition to an award of damages. (See *Alder* v. *Drudis,* 30 Cal.2d 372, 384-385 [182 P.2d 195]; *Lenard* v. *Edmonds, supra,* 151 Cal.App.2d 764, 772-773.) Although the process of offsetting benefits is in the nature of an accounting, the adoption thereof to determine the amount of damages to be awarded does not convert the action to one in equity. (*Johnstone* v. *Morris, supra,* 210 Cal. 580, 586; *Hines* v. *Brode,* 168 Cal. 507, 515 [143 P. 729].)

■ The real parties in interest urge that the existence of "equitable and practical problems" incident to a final determination of the case indicate the necessity of a trial by the court rather than by jury. Where the action is one at law a jury trial is a matter of right. The fact that the issues to be tried are complicated, or that the judgment to be entered upon a verdict is fraught with problems that might be avoided if the trial were by the court, does not reduce the matter of right to a matter of discretion.

■ We conclude that any ancillary relief of an equitable nature to be afforded the parties under the cause of action based upon the subject rescission is merely incidental to the recovery of a money judgment; that the relief sought is legal and not equitable; and that plaintiffs are entitled to a jury trial as a matter of right.

■ The petitioners filed herein a memorandum entitled "SUPPLEMENTAL POINTS AND AUTHORITIES," in which they contend that the trial court had no jurisdiction to order the trial confined to the issue of damages under the fifth cause of action, i.e., that based on rescission; claim that this order, contrary to the applicable rule in the premises, required them to elect the remedy of rescission rather than damages for

violation of statutory duty, negligence, breach of warranty or fraud; and ask that the writ prayed for be extended to prohibit enforcement of this order. The damages which each set of plaintiffs seek through their first four causes of action are dependent upon their affirmance of the existence of a contract to purchase. The damages alleged by the fifth cause of action arise out of their disaffirmance of that contract, and a substitution therefor of a contract implied by law. (*Philpott* v. *Superior Court, supra,* 1 Cal.2d 512, 517-523; *McCall* v. *Superior Court, supra,* 1 Cal.2d 527, 530, 533.)

The remedy based upon the existence of the contract to purchase is inconsistent with the remedy based upon its nonexistence. (*Davis* v. *Rite-Lite Sales Co.,* 8 Cal.2d 675, 678-679 [67 P.2d 1039]; *Lenard* v. *Edmonds, supra,* 151 Cal. App.2d 764, 768.) Damages may not be recovered on the theory that the contract exists and additionally on the theory that the contract is at an end. (*Alder* v. *Drudis, supra,* 30 Cal.2d 372, 387.) Petitioners' contention is based on the inapplicable rule of law authorizing a party who seeks damages based on a rescission alternatively to seek damages based upon his contract in the event a rescission has not been effected. (*Williams* v. *Marshall,* 37 Cal.2d 445, 457 [235 P.2d 372].) A party who seeks to disaffirm a contract but does so ineffectively, does not lose his right to maintain an action based upon its affirmance. (*Bancroft* v. *Woodward,* 183 Cal. 99, 101-102 [190 P. 445].) However, it is wholly inconsistent for him to ask for damages based upon an affirmance of the contract and, if he cannot have such, for damages or relief based on disaffirmance, i.e., rescission. (*Bancroft* v. *Woodward, supra,* 183 Cal. 99, 101-102.)

The rules of law applicable to the issue at hand were codified by the adoption of section 1692 of the Civil Code wherein it is provided that: "A claim for damages is not inconsistent with a claim for relief based upon rescission. The aggrieved party shall be awarded complete relief, including restitution of benefits, if any, conferred by him as a result of the transaction and any consequential damages to which he is entitled; but such relief shall not include duplicate or inconsistent items of recovery."

These statutory provisions do not purport to declare that a claim for damages based upon an affirmance of the contract is not inconsistent with a claim for damages based upon a rescission of the contract. To the contrary they recognize that any relief awarded "shall not include duplicate or incon-

sistent items of recovery," and thus eliminate an award of damages based upon inconsistent causes of action.

At the time the trial court made its order confining the further trial to the issue of damages under the rescission cause of action, the plaintiffs had effectively rescinded the contract; the defendants had accepted such rescission; the inconsistent causes of action, being dependent upon an affirmance of the contract, ceased to exist; and the only undisposed issue remaining in the lawsuit involved relief to be awarded based upon the rescission that had been effected. The order as made was proper.

■ During the pretrial hearing the plaintiffs also claimed that they were entitled to punitive damages. The trial court ruled against this contention. They now assert that the order denying them the right to proceed to trial on the issue of punitive damages was without the jurisdiction of the court. The rescission cause of action alleged a unilateral rescission based on false representations respecting the property purchased; alleged benefits in specified amounts conferred by the plaintiffs on the defendants; did not allege any amount sought as punitive damages; and did not include punitive damages in the prayer. The defendants' acceptance of the plaintiffs' offer to rescind was made by a letter disclaiming any liability in the premises, and in response to a complaint that did not assert a claim for punitive damages. Even assuming that punitive damages may be obtained in a rescission action, the status of the pleadings, and the circumstances aforesaid, support the order of the trial court that such damages were not an issue in the instant case. (See *Gudarov* v. *Hadjieff*, 38 Cal.2d 412, 416 [240 P.2d 621]; *Hall* v. *Berkell*, 130 Cal.App.2d 800, 804 [279 P.2d 832].)

■ Where a jury trial is a matter of right, proceedings in prohibition to restrain enforcement of an order denying that right, and in mandamus to assure that right, are proper. (See *Gering* v. *Superior Court*, 37 Cal.2d 29, 31 [230 P.2d 356]; *Robinson* v. *Superior Court*, 35 Cal.2d 379, 383 [218 P.2d 15]; *Ford* v. *Superior Court, supra*, 176 Cal.App.2d 754, 759.)

Let a peremptory writ issue restraining the respondent court from proceeding to try the issues in the subject action, defined in its pretrial order, without a jury, and directing it to proceed to the trial of those issues under the provisions of law governing the trial of actions by jury.

Griffin, P. J., and Brown (Gerald), J., concurred.